USDC UT Approved 06/06/00    Revised 01/20/04

FILED
CLERK, U.S. DISTRICT COURT
2004 DEC -7  A II: 16
DISTRICT OF UTAH
BY
DEPUTY CLERK

# United States District Court
## District of Utah

**UNITED STATES OF AMERICA**

vs.

**Weldon H. Angelos**

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  **2:02-cr-00708-001 PGC**

Plaintiff Attorney:  **Rob Lund**

Defendant Attorney:  **Jerome Mooney**

Atty: CJA ___  Ret ☒  FPD ___

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's USM No.:  **10053-081**

Defendant's Residence Address:

_____

_____

Country  USA

**11/16/2004**
Date of Imposition of Sentence

Defendant's Mailing Address:
same

_____

Country  USA

COP _____ Verdict  **12/16/2003**

THE DEFENDANT:
- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.
- ☒ was found guilty on count(s)  **1ss - 13ss, 18ss, 19ss, 20ss**

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC § 841(a)(1) | Possession With Intent to Distribute Marijuana | 1ss, 3ss, 5ss, 9ss, 13ss |
| 18 USC § 924(c)(1) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 2ss |
| 18 USC § 924(c)(1) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 4ss, 10ss |
| 18 USC § 922(j) | Possession of a Stolen Firearm | 6ss, 11ss |
| 18 USC § 922(k) | Possession of a Firearm With a Removed Serial Number | 7ss |
| 18 USC § 922(g)(3) | User of a Controlled Substance in Possession of a Firearm | 8ss, 12ss |
| 18 USC § 1957 | Money Laundering | 18ss |
| 18 USA § 1956 | Money Laundering | 19ss, 20ss |

Entered on docket
12-9-04  by:
Deputy Clerk

- ☒ The defendant has been found not guilty on count(s)  **14ss, 15ss, 16ss**
- ☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.



Defendant:      Weldon H. Angelos
Case Number:   2:02-cr-00708-001 PGC

## SENTENCE

Pursuant to the Sentencing Reform Act of 1984, it is the judgment and order of the Court that the defendant be committed to the custody of the United States Bureau of Prisons for a term of
**660 months + 1 day**

Upon release from confinement, the defendant shall be placed on supervised release for a term of
**36 months**                           .

☐  The defendant is placed on Probation for a period of _____.
The defendant shall not illegally possess a controlled substance.
*For offenses committed on or after September 13, 1994:*
    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☒  The above drug testing condition is suspended based on the court's determination that the defendant possesses a low risk of future substance abuse. (Check if applicable.)

## SPECIAL CONDITIONS OF SUPERVISED RELEASE/PROBATION

In addition to all Standard Conditions of (Supervised Release or Probation) set forth in PROBATION FORM 7A, the following Special Conditions are imposed: (see attachment if necessary)

## CRIMINAL MONETARY PENALTIES

## FINE

The defendant shall pay a fine in the amount of  $  **\*SEE OTHER\***      , **payable as follows:**
    ☐  forthwith.

    ☐  in accordance with the Bureau of Prison's Financial Responsibility Program while incarcerated and thereafter pursuant to a schedule established by the U.S. Probation office, based upon the defendant's ability to pay and with the approval of the court.

    ☐  in accordance with a schedule established by the U.S. Probation office, based upon the defendant's ability to pay and with the approval of the court.

    ☒  other:
    **The amended preliminary order of forfeiture, dated May 4, 2004, and attached to this judgment is made final**

☐  The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).

☐  The court determines that the defendant does not have the ability to pay interest and pursuant to 18 U.S.C. § 3612(f)(3), **it is ordered that:**

    ☐  The interest requirement is waived.

    ☐  The interest requirement is modified as follows:

Defendant:      Weldon H. Angelos                                    Page 3 of 6
Case Number:   2:02-cr-00708-001 PGC

## RESTITUTION

**The defendant shall make restitution to the following payees in the amounts listed below:**

| Name and Address of Payee | Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| | | |

**Totals:**   $ _____   $ _____

(*See* attachment if necessary.)  All restitution payments must be made through the Clerk of Court, unless directed otherwise.  If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless otherwise specified.

☐ Restitution is payable as follows:

   ☐ in accordance with a schedule established by the U.S. Probation Office, based upon the defendant's ability to pay and with the approval of the court.

   ☐ other: _____

☐ The defendant having been convicted of an offense described in 18 U.S.C. § 3663A(c) and committed on or after 04/25/1996, determination of mandatory restitution is continued until _____ pursuant to 18 U.S.C. § 3664(d)(5)(not to exceed 90 days after sentencing).

   ☐ An Amended Judgment in a Criminal Case will be entered after such determination

## SPECIAL ASSESSMENT

The defendant shall pay a special assessment in the amount of $ **1600.00** , payable as follows:

☒ forthwith.

☐ _____

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid

## PRESENTENCE REPORT/OBJECTIONS

The court adopts the factual findings and guidelines application recommended in the presentence report except as otherwise stated in open court.

Defendant:       Weldon H. Angelos                                              Page 4 of  6
Case Number:     2:02-cr-00708-001 PGC

## RECOMMENDATION

☒  Pursuant to 18 U.S.C. § 3621(b)(4), the Court makes the following recommendations to the Bureau
of Prisons:
**Placement in a facility as close to Los Angeles, Ca. as possible to facilitate family visitation and
prior to final placement the defendant should be housed locally pending resolution of other events
that involve the defendant**

## CUSTODY/SURRENDER

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal    for this district at
_____  on  _____ .

☐  The defendant shall report to the institution designated by the Bureau of Prisons   by
_____  Institution's local time, on  _____ .

Defendant:      Weldon H. Angelos                                    Page 5 of 6
Case Number:   2:02-cr-00708-001 PGC

## SUPPLEMENTAL STATEMENT OF REASONS
## APPLICABILITY OF THE FEDERAL SENTENCING GUIDELINES

☐   The court applied the Guidelines and all relevant enhancements in this case.

☐   The court found the Guidelines unconstitutional in part, and imposed a sentence
     in accordance with the constitutionally applied portions of the Guidelines.

☒   The court did not apply the federal sentencing guidelines at all in this case and
     imposed a discretionary sentence.

☐   The court took some other action (Please explain below.):

☐   This judgment includes an alternative sentence.

☒   The court finds that the application of the sentencing guidelines to this defendant is
     not permitted by Blakely v. Washington.  Therefore, the sentence in this judgment is
     a non-guideline sentence.  Should the sentencing guidelines later be found to be
     constitutional, it will be judgment and order of the Court that the defendant be
     committed to the custody of the United States Bureau of Prisons for a term of
     **738 months.**                    .
     All other terms and conditions of the judgment will remain the same.

☐   The court finds that the application of the sentencing guidelines to this defendant is
     permitted by Blakely v. Washington.  Therefore, the sentence in this judgment is a
     guideline sentence.  Should the sentencing guidelines later be found to be
     unconstitutional in their entirety, it will be the judgment and order of the Court
     that the defendant be committed to the custody of the United States Bureau of
     Prisons for a term of _____ .
     All other terms and conditions of the judgment will remain the same.

DATE:   ___12/7/05_____

_____
Paul Cassell
United States District Judge

Defendant:        Weldon H. Angelos
Case Number:   2:02-cr-00708-001 PGC

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

FILED
CLERK, U.S. DISTRICT COURT

2004 MAY -4 P 4: 53

BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>v.<br><br>Weldon H. Angelos,<br><br>           Defendant. | Case No. 2:02 CR 0708 PGC<br><br>AMENDED PRELIMINARY ORDER<br>OF FORFEITURE |

IT IS HEREBY ORDERED that:

      1.    As a result of the conviction of Counts 1-13, 15, 18, 19, and 20 for which the government sought forfeiture pursuant to 21 U.S.C. § 853, and 18 U.S.C. §§ 924(d), and 982(a)(1). The defendant Weldon Angelos shall forfeit to the United States the following property and firearms:

          A 2001 Lexus GS 300 VIN: JT8BD69S310119889;

          A Glock 10mm handgun;

          A Glock 17 9mm handgun;

          A Ruger P85 9mm handgun; and

          A Walther PPK .380 handgun

      2.    The Court has determined that based on the conviction of Weldon Angelos and the Stipulation and Agreement for Forfeiture, that the above-named property is subject to forfeiture, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offense.

144

3.     Upon entry of this Order the Attorney General, the Secretary of the Treasury or their designees are authorized to seize and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.     Upon entry of this Order the Secretary of Treasury and the Attorney General or their designees are authorized to commence any applicable proceeding to comply with statutes governing third party interests, including giving notice of this Order.

5.     The United States shall publish notice of this Order on its intent to dispose of the property in such a manner as the Secretary of Treasury or the Attorney General or their designees may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6.     Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853.

7.     Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

8.     Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's acquisition of the right, title, or interest in the subject property, any additional facts supporting the petitioners claim and relief sought.

2

9.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Criminal Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10.      The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 which is incorporated by 18 U.S.C. § 982(b) for the filing of third party petitions.

12.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated this 4th day of _____May_____ 2004.

BY THE COURT:

_____
PAUL G. CASSELL, Judge
United States District Court

3

asp

United States District Court
for the
District of Utah
May 5, 2004

* * CERTIFICATE OF SERVICE OF CLERK * *


Re:  2:02-cr-00708


True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:


        USMS
        DISTRICT OF UTAH
        ,
        EMAIL

        US Probation
        DISTRICT OF UTAH
        ,
        EMAIL

        Mr. Jerome H Mooney, Esq.
        MOONEY LAW FIRM
        50 W BROADWAY STE 100
        SALT LAKE CITY, UT  84101
        EMAIL

        Robert A. Lund, Esq.
        US ATTORNEY'S OFFICE
        ,
        EMAIL

United States District Court
for the
District of Utah
December 9, 2004


* * CERTIFICATE OF SERVICE OF CLERK * *


Re:  2:02-cr-00708



True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:


    United States Marshal Service
    DISTRICT OF UTAH

    ,
    EMAIL

    US Probation
    DISTRICT OF UTAH

    ,
    EMAIL

    Mr. Jerome H Mooney, Esq.
    MOONEY LAW FIRM
    50 W BROADWAY STE 100
    SALT LAKE CITY, UT  84101
    EMAIL

    Robert A. Lund, Esq.
    US ATTORNEY'S OFFICE

    ,
    EMAIL

    Jeffrey B. Sklaroff, Esq.
    GREENBERG TRAURIG LLP
    885 THIRD AVE
    LIPSTICK BLDG
    NEW YORK, NY  10022
    EMAIL